## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TYRONE LASTER,

      Petitioner,

v.                                                            Case No. 8:22-cv-723-CEH-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____/

## ORDER

      Petitioner, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a response opposing the petition (Doc. 12), to which Petitioner replied (Doc. 13). Upon consideration, the petition will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

      Petitioner was charged with attempted murder in the first degree and possession of a firearm by a convicted felon after he shot the victim, Chauncy Rollins, in 2015 (Doc. 12-2 at Ex. 2).[1] Petitioner's first trial resulted in a hung jury, and a mistrial was declared (*Id*., Ex. 14 at 1216). During his second trial, the jury found him guilty of the lesser included offense of attempted murder in the second degree (*Id*., Ex. 9). After the conviction, the State dismissed the possession of a firearm charge (*Id*., Ex. 12). Petitioner was sentenced as a habitual felony

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

offender to a mandatory minimum sentence of life in prison (*Id.*, Ex. 11). His conviction and sentence were affirmed on appeal (*Id.*, Ex. 13 at 1210). His petition for certiorari review in the Florida Supreme Court was dismissed for lack of jurisdiction (*Id.*, Ex. 19).

Petitioner filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P., asserting seven claims of ineffective assistance of trial counsel and two claims of trial court error (*Id.*, Ex. 20). The state post-conviction court denied all claims except one ineffective assistance of counsel claim and directed the State to respond to that claim (*Id.*, Ex. 21). After the State responded (*id.*, Ex. 22), the state post-conviction court denied the remaining claim (*Id.*, Ex. 24). The denial of the Rule 3.850 motion was affirmed on appeal (*Id.*, Ex. 25 at 1535).

Petitioner filed a petition alleging ineffective assistance of appellate counsel (*Id.*, Ex. 30). The petition was denied (*Id.*, Ex. 31).

Petitioner filed his federal habeas petition in this Court (Doc. 1), alleging nine grounds for relief.

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537

U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court misapplied federal law, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." However, a determination of a factual issue made by a state court shall be presumed correct, and the habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B. Exhaustion and Procedural Default

The writ of habeas corpus cannot be granted unless the petitioner has exhausted all available state court remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1351 (11th Cir. 2012) (citing 28 U.S.C. § 2254(b), (c)). Exhausting state remedies requires a petitioner to "fairly present" his claims in each appropriate state court "thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) and *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)). Moreover, to properly exhaust a claim, "the [petitioner] must have presented his claims in state court in a procedurally correct manner." *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

Under the procedural default doctrine, a claim raised in a federal habeas petition is barred from review if the claim was not properly raised in state court and "the court to which the petitioner would be required to present [the] claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman*, 501 U.S. at 735 n.1.

To avoid a procedural default, a petitioner must show "either cause for and actual prejudice from the default or fundamental miscarriage of justice from applying the default." *Lucas*, 682 F.3d at 1353; *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

C. Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of counsel. Ineffective-assistance-of-counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires showing deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

Petitioner must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## III. ANALYSIS

**GROUND ONE: Fundamental error occurred during the trial court's inadequate pre-trial inquiry concerning competency evidence and how the gunshot to the head injury affected Chauncey Rollins' memory and ability to testify (Doc. 1 at 7-9)**

Ground One asserts three sub-claims.

A. Sub-claim 1

Petitioner contends that his Sixth Amendment right to confront the witnesses against him was violated when the trial court prohibited defense counsel from cross-examining Rollins with information that in 2016, after Petitioner shot Rollins in 2015, the State had dismissed a criminal charge against Rollins because he had been found incompetent to stand trial. In state court, Petitioner raised a similar claim in his *pro se* Initial Brief on direct appeal (Doc. 12-2, Ex. 15 at 1242-44). The state appellate court affirmed without a written opinion (*Id.*, Ex. 13 at 1210).

Before Petitioner's second trial, defense counsel filed Defendant's Motion for Judicial Notice (*id.*, Ex. 5) in which Petitioner moved the trial court to take judicial notice of a "Notice of Nolle Prosequi" filed by the State dismissing a criminal case against Rollins because he was "incompetent to proceed and that it was unlikely that he would ever become competent to stand trial . . . ." Petitioner asserted that the notice "would be used for impeachment only in the event . . . Rollins were to deny having been found incompetent to proceed." (*Id.*). He argued, "[t]his issue goes directly to [Rollins'] credibility and to his ability to remember the facts of this case." (*Id.*).

At the start of the second trial, the motion was addressed. Defense counsel argued that on cross-examination, he should be allowed to challenge Rollins' credibility and bias with the information that the State had dismissed the charge against Rollins because he was found incompetent and "basically unrestorable." (*Id.*, Ex. 6 at 359). Counsel also argued the information was relevant "especially as it relates to his ability to recollect and relay the acts of this case." (*Id.*, Ex. 6 at 359-60).

The trial court determined that the fact the State dismissed Rollins' charge was relevant to his bias (*Id.*, Ex. 6 at 360-62). However, the trial court said that different standards governed the competency of a defendant to stand trial and the competency of a witness to testify, and it was concerned the jury would be confused by the legal distinction between the two standards (*Id.*, Ex. 6 at 362-67). Thus, the trial court took the part of the motion seeking to ask Rollins why his criminal charge was dropped "under advisement pending a proffer." (*Id.*, Ex. 6 at 370-71). When the trial court later brought up the issue, the court said that defense counsel could not "refer to [the dismissal of the charge as] being any kind of finding of incompetence or reference to incompetence, but [could] explore [Rollins'] present ability to recall details and how . . . what happened to him may have affected his ability to testify, to remember details." (*Id.*, Ex. 6 at 545-46).

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.'" *Crawford v. Washington*, 541 U.S. 36, 42 (2004) (alteration in original). Also, "[t]he Confrontation Clause guarantees criminal defendants an opportunity to impeach through cross-examination the testimony of witnesses for the prosecution." *United States v. Baptista–Rodriguez*, 17 F.3d 1354, 1370 (11th Cir. 1994). But "'the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) (quoting *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985) (per curiam) (emphasis in original)). "[T]rial judges retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things, harassment,

prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Id.*

Here, Petitioner was allowed to cross-examine Rollins (*Id.*, Ex. 6 at 366-409). During cross-examination, defense counsel impeached Rollins' credibility with his inconsistent statements, drug use, and criminal history (*Id.*). And the trial court did not improperly limit the cross-examination of Rollins. It was within the court's discretion to exclude questions about Rollins' prior incompetency to proceed to trial in his criminal proceeding because it was irrelevant to whether he was competent to testify in Petitioner's trial. *See Jones v. Goodwin*, 982 F.2d 464, 469 (11th Cir. 1993) ("[T]he Sixth Amendment only protects cross-examination that is relevant." (citation and internal quotation marks omitted)); *United States v. McRary*, 616 F.2d 181, 183 (5th Cir. 1980) (a person may still be competent to serve as a witness under Rule 601 even if he were determined not competent to stand trial). The court expressly told defense counsel he could "explore" how Rollins' brain injury affected his ability to recall and testify. This sub-claim warrants no relief.

B.  Sub-claim 2

Petitioner contends his "constitutional right [to] 'discovery'" was violated when the State failed to disclose "Dr. Williamson's psychological report," which apparently stated Rollins was not competent to stand trial in his criminal case (Doc. 1 at 8). Respondent argues the claim is procedurally barred from review (Doc. 12 at 22-23). The Court agrees.

Petitioner never presented this claim to the state courts (*See* Doc. 12-2, Exs. 14, 15, 20, 30). It would be futile to dismiss this case to allow Petitioner to return to state court to attempt to exhaust this claim since Florida's time limitation for bringing a direct appeal bars

Petitioner's returning to state court to present the claim. *See Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1989) (where dismissal to allow exhaustion of unexhausted claims would be futile because of state procedural bar, claims are considered procedurally barred in federal court); Fla. R. App. P. 9.140(b)(3) (requiring that a notice of appeal be filed within 30 days of rendition of the order to be reviewed). Thus, the claim is procedurally defaulted. *See Bailey v. Nagle*, 172 F.3d at 1305 ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect if it is clear from state law that any future attempts at exhaustion would be futile.") (citation omitted).

Petitioner has shown neither cause excusing the default nor actual prejudice resulting from the bar. And he fails to show that he is entitled to the fundamental miscarriage of justice exception. Accordingly, this sub-claim is barred from federal review.

Even if the claim were not procedurally barred, it would fail on the merits. Federal habeas relief is available to correct only violations of the United States' constitution, laws, or treaties. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted). "A defendant has no constitutional right to discovery." *United States v. Nabepanha*, 200 F.R.D. 480, 482 (S.D. Fla. 2001) (citing *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case . . . .")). Thus, because this sub-claim fails to allege the violation of a constitutional right, or a violation of the laws or treaties of the United States, it warrants no relief. Sub-claim 2 is denied.

C. Sub-claim 3

Petitioner contends that counsel was ineffective in failing to adequately investigate evidence showing Rollins' memory was affected by the injury Rollins sustained when Petitioner shot him in the head. "To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial." *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005). And the petitioner "must present evidence, not mere conclusory allegations, that counsel overlooked exculpatory [evidence]." *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991) (citations omitted).

Here, Petitioner merely alleges that because counsel inadequately investigated his case, the jury never heard evidence showing Rollins' memory was affected by his injury (Doc. 1 at 9). These allegations are not enough to sustain an ineffective assistance of counsel claim. Petitioner has not alleged what evidence counsel could have discovered that would have shown Rollins' injury affected his memory. And Petitioner has not shown that counsel's failure to obtain the evidence rendered his trial fundamentally unfair or unreliable. His vague and conclusory assertions are inadequate to overcome the presumption that counsel acted reasonably. *See Wilson v. United States*, 962 F.2d 996, 997–98 (11 Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient"). Sub-claim 3 warrants no relief.

**GROUND TWO: Trial court abuse of discretion concerning defendant's motion for judicial notice by restricting confrontation through cross-examination into "incompetency" finding. (Doc. 1 at 11-13)**

Petitioner contends that the state trial court abused its discretion in prohibiting defense counsel from impeaching Rollins with information that he was found incompetent to proceed to trial in his criminal proceeding. The habeas statute "unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (per curiam) (quoting 28 U.S.C. § 2254(a)). This claim is not cognizable on federal habeas review because it involves only an alleged error of state law. *See, e.g.*, *Hardin v. Sec'y, Dep't of Corr.*, 2018 WL 10580805, at *6 (M.D. Fla. July 10, 2018) (federal habeas petitioner's claim that "the state trial court erred and abused its discretion in denying his motion for judgment of acquittal . . . [is] a state law issue that is not cognizable on federal habeas review." (citations omitted)). And even if the claim can be construed as asserting a federal Confrontation Clause violation, the claim fails for the same reasons explained above in Ground One, Sub-claim 1. Ground Two therefore warrants no relief.

**GROUND THREE: Ineffective assistance for failure to claim discovery violation where the State failed to disclose written psychological report of Chauncey Rollins. (Doc. 1 at 13-15)**

Petitioner contends appellate counsel was ineffective on direct appeal in failing to either argue that the State committed a discovery violation when it failed to disclose a psychological report about Rollins or raise trial counsel's ineffectiveness in failing to object and preserve the issue for appeal. He asserts the "undisclosed psychological report could have provided new grounds on which to impeach [Rollins]." (Doc. 1 at 14).

11

Petitioner raised this claim in Ground Three of his state court habeas petition alleging ineffective assistance of appellate counsel (Doc. 12-2, Ex. 30 at 1688-89). The Second DCA denied the petition without explanation (*Id.*, Ex. 31).

Claims that appellate counsel provided ineffective assistance are analyzed under the two-part test in *Strickland*. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991). To establish a claim, Petitioner must show that appellate counsel's performance was objectively unreasonable, and there is a reasonable probability that, but for this performance, Petitioner would have prevailed on his appeal. *Robbins*, 528 U.S. at 285–86.

The claim warrants no relief. First, appellate counsel was not ineffective in failing to raise a claim of ineffective assistance of trial counsel on direct appeal. *See Lang v. State*, 243 So. 3d 534 (Fla. 1st DCA 2018) ("Except in rare cases, allegations of ineffective assistance of trial counsel must be raised in a postconviction proceeding brought pursuant to Florida Rule of Criminal Procedure 3.850, not on direct appeal."); *Blanco v. Wainwright*, 507 So.2d 1377, 1384 (Fla.1987) ("A proper and more effective remedy is already available for ineffective assistance of trial counsel under rule 3.850. If the issue is raised on direct appeal, it will not be cognizable on collateral review. Appellate counsel cannot be faulted for preserving the more effective remedy and eschewing the less effective."). Second, because Petitioner raised no discovery violation in the trial court, the issue was not preserved for appeal. *See Major v. State*, 979 So.2d 243, 244 (Fla. 3d DCA 2007) ("Where a defendant fails to timely object to a discovery violation or to request a *Richardson* hearing, the defendant does not preserve the point for appellate review."). Thus, appellate counsel was not deficient in failing to raise this

unpreserved issue on appeal. *See Johnson v. Moore*, 837 So.2d 343, 347 (Fla. 2002) ("Appellate counsel cannot be deemed ineffective for failing to raise a claim that was not preserved below or that is without merit.").

Third and finally, even if appellate counsel were deficient in failing to raise the issue on appeal, Petitioner fails to show prejudice because he provides nothing but speculative and cursory allegations that the psychological report "could have provided" grounds to impeach Rollins. *See Wright v. Sec'y, Fla. Dep't of Corr.*, 761 F.3d 1256, 1281 (11th Cir. 2014) ("a *Brady* claim fails when it is only speculative that the materials at issue would have led to exculpatory information."); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim); *Aldrich v. Wainwright*, 777 F.2d 630, 636 (11th Cir. 1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).

Petitioner fails to establish that the Second DCA's denial of this claim was either contrary to *Strickland* or based on an unreasonable determination of the facts. Ground Three is therefore denied.

**GROUND FOUR: Abuse of discretion for improperly converting impeachment with evidence of mental defect or capacity into evidence of prior bad act with instructions allowing witness to testify falsely in contravention of clearly established federal law. (Doc. 1 at 16-17)**

Petitioner contends that appellate counsel was ineffective on direct appeal in failing to argue: 1) either that the trial court abused its discretion in excluding the information about why Rollins' criminal charges were dismissed or that trial counsel was ineffective in failing to object to and preserve for appellate review the trial court's error in excluding that

information; and 2) that the State committed a *Giglio* violation[2] by essentially concealing the reason Rollins' charges were dismissed (Doc. 1 at 17). Petitioner argues the exclusion of the information that the charges against Rollins were dismissed because he was found incompetent to proceed to trial and unlikely to regain competency "bolstered Rollins' credibility" and weakened the impeachment of Rollins (*Id.*).

Petitioner presented these claims in state court in Ground Four and Ground Five of his petition alleging ineffective assistance of appellate counsel (Doc. 12-2, Ex. 30 at 1689-91). The Second DCA denied the petition without elaboration (*Id.*, Ex. 31).

The claim warrants no relief. First, as discussed above, appellate counsel was not ineffective in failing to raise a claim of ineffective assistance of trial counsel on direct appeal. *See Lang*, 243 So. 3d at 534; *Blanco*, 507 So.2d at 1384. Second, because Petitioner never argued in the trial court that the court abused its discretion in excluding the information about why Rollins' criminal charges were dismissed and that the State committed a *Giglio* violation, the issues were not preserved for appeal. *See Spann v. State*, 857 So. 2d 845, 852 (Fla. 2003) ("To be preserved for appeal, 'the specific legal ground upon which a claim is based must be raised at trial and a claim different than that will not be heard on appeal.'" (quoting *Rodriguez v. State*, 609 So.2d 493, 499 (Fla.1992)); *Tennyson v. State*, 254 So. 3d 510, 518 (Fla. 3d DCA 2018) ("A *Giglio* violation has to be properly preserved for review on appeal, unless it is found to be fundamental error . . . . To preserve an issue for review on appeal, a legal argument must be timely raised and ruled on by the trial court and the argument must be sufficiently

---

[2] *Giglio v. United States*, 405 U.S. 150 (1972) (holding that the prosecutor is prohibited from knowingly presenting or failing to correct false and material evidence against the defendant).

precise that it fairly apprises the trial court of the relief sought.") (citations omitted).[3] Thus, appellate counsel was not deficient in failing to raise these unpreserved issues on appeal. *See Johnson*, 837 So.2d at 347 ("Appellate counsel cannot be deemed ineffective for failing to raise a claim that was not preserved below or that is without merit.").

Third and finally, even if the issues were preserved for appeal, appellate counsel was not ineffective in failing to raise them because they have no merit. A *Giglio* error is a species of *Brady* error[4] that "occurs when 'the undisclosed evidence demonstrates that the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury.'" *Davis v. Terry*, 465 F.3d 1249, 1253 (11th Cir. 2006) (quoting *Ventura v. Att'y Gen., Fla.*, 419 F.3d 1269, 1276–1277 (11th Cir. 2005)). To establish a *Giglio* violation, the defendant must show that the prosecutor knowingly used perjured testimony or failed to correct what he later learned was false testimony, and that the falsehood was material. *Id.* at 1253 (quotation marks omitted).

Petitioner does not allege facts showing that the State knowingly presented false testimony. Rather, Petitioner alleges that the trial court's ruling excluding cross-examination of Rollins about why his criminal charges had been dismissed prevented the jury from learning that Rollins had been found incompetent to proceed to trial. Because Petitioner

---

[3] Under Florida law, "[f]undamental error is that which 'reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *Caraballo v. State*, 39 So.3d 1234, 1249 (Fla. 2010) (quoting *Brooks v. State*, 762 So.2d 879, 899 (Fla. 2000)). Petitioner fails to show that had the jury heard Rollins' criminal charges were dismissed because he had been found incompetent to proceed to trial, the verdict could not have been obtained.

[4] *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that "the prosecution is required to disclose to the defense evidence favorable to the accused if the evidence is material to guilt or punishment."

identified no false testimony, his *Giglio* claim had no merit. *See, e.g.*, *United States v. Annamalai*, 2018 WL 8838862, at *2 (N.D. Ga. Sept. 25, 2018) ("Annamalai's allegations about false testimony do not constitute violations of *Giglio v. United States*, 405 U.S. 150 (1972), because Annamalai fails to identify any false testimony.").

As to Petitioner's argument that appellate counsel should have raised the issue that the trial court abused its discretion in excluding the information about Rollins' incompetency to proceed in his criminal trial, a "trial court has wide discretion in areas concerning the admission of evidence, and, unless an abuse of discretion can be shown, its rulings will not be disturbed." *Welty v. State*, 402 So. 2d 1159, 1162–63 (Fla. 1981) (citations omitted). The trial court observed that the standard for determining whether a defendant is competent to proceed to trial differs from the standard for whether someone is competent to testify as a witness, and the information about Rollins' incompetency to stand trial likely would confuse the jury (Doc. 12-2, Ex. 6 at 363, 366-67). *See, e.g.*, *United States v. Crosby*, 462 F.2d 1201, 1203 (D.C. Cir. 1972) ("The competency of a defendant to stand trial is, of course, crucial to fairness, and is gauged by a somewhat stricter standard than is the competency of a witness to testify."). *See also, Kendall v. State*, 448 So. 2d 1258, 1258 (Fla. 4th DCA 1984) ("[O]rdinarily evidence of a prior judicial finding of competency to stand trial in another case should not be admitted . . . ."); Fla. Stat., § 916.12 ("A defendant is incompetent to proceed within the meaning of this chapter if the defendant does not have sufficient present ability to consult with her or his lawyer with a reasonable degree of rational understanding or if the defendant has no rational, as well as factual, understanding of the proceedings against her or him."); *Rutherford v. Moore*, 774 So. 2d 637, 646 (Fla. 2000) ("A witness is incompetent to testify if

16

the trial court determines the witness is (1) unable to communicate to the jury; (2) unable to understand the duty to tell the truth; or (3) unable to perceive and remember the events.") (citing §§ 90.603, .604, Fla. Stat. (1999)); *Van Arsdall*, 475 U.S. at 679 ("[T]rial judges retain wide latitude . . . to impose reasonable limits on . . . cross-examination based on concerns about, among other things . . . confusion of the issues . . . ."). Thus, because Petitioner fails to show excluding the information was an abuse of discretion, he cannot show appellate counsel was deficient in failing to raise an abuse of discretion argument on appeal.

Petitioner fails to establish that the Second DCA's denial of this claim was contrary to *Strickland* or was based on an unreasonable determination of the facts. Ground Four is therefore denied.

**GROUND FIVE: Trial counsel [was] ineffective for failing to conduct an adequate investigation into "competency" evidence and how the gunshot injury affected [Rollins'] memory and ability to testify and request voir dire proffer evidence to substantiate the challenge to state witness' competency. (Doc. 1 at 19-20).**

**GROUND SIX: Trial counsel [was] ineffective for failing to investigate and secure expert testimony regarding "blood spatter" evidence and the forensics of the crime scene, deprived the petitioner of a substantial argument and set up an unchallenged factual predicate for the State's main argument that he intended to shoot Mr. Rollins in the top of his head. (Doc. 1 at 21-23)**

In Ground Five, Petitioner contends that trial counsel was ineffective in failing to consult medical experts to discuss how the injury Rollins sustained when Petitioner shot him in the head, and the medicines Rollins took for his injury affected his memory. In Ground Six, Petitioner contends that counsel was ineffective in failing to retain an expert to testify about "blood spatter" evidence.

In state court, Petitioner raised these (or similar) claims in Ground One and Ground

Four of his Rule 3.850 motion (Doc. 12-2, Ex. 20 at 1291-94, 1311-19). In denying the claims,

the state post-conviction court stated:

> In claims 1 and 3, Defendant argues that trial counsel did not effectively
> use Chauncy Rollin's (sic) incompetent to stand trial determination to challenge
> his credibility at Defendant's trial. Mr. Rollins was charged in an unrelated case
> and the State filed a Notice of Nolle Prosequi stating that Mr. Rollins was not
> competent to stand trial due to the gunshot injury sustained to the head in the
> above-cited case. The Court addressed this issue on several occasions and
> ultimately decided that competency to stand trial and competency to testify as
> a witness involved two different standards. *See* Motion; *See* Transcript 189-194.
> The Court determined that counsel could probe Mr. Rollins' ability to recall
> events but that evidence of his competency to stand trial in an unrelated case
> was not relevant. The competency report written by Dr. Williamson would not
> have been admissible based on the Court's ruling.

> The credibility of the witness and his apparent ability to recall events is a
> jury determination. Defendant argues that a *voir dire* or proffer should have been
> conducted before the court so that the court could determine if the competency
> evidence was admissible. However, again, the Court determined that the
> information was not relevant. Counsel's request for a hearing to demonstrate
> Mr. Rollins' competency would not have been entertained by the Court. This
> issue was included on direct appeal and the Second District Court of Appeal *per
> curiam* affirmed. *See* Statement of Judicial Acts to be Reviewed; *See* Mandate.
> Claims 1 and 3 are DENIED.

(*Id.*, Ex. 21 at 1351-52).

> In claim 4, Defendant argues that trial counsel was ineffective for failing
> to secure an expert witness on blood splatter. The State responded that there
> were multiple witnesses, including the victim himself, who testified that they
> saw the Defendant in possession of a firearm. Trial counsel did bring up
> inconsistencies in the State's case and addressed the evidence in relation to
> Defendant's intent. The State argues that an expert witness would not have
> added anything additional to the case as far as what the Defendant's intent was.

> After review of the State's response, incorporated herein, the Court
> agrees that the Motion should be denied.

(*Id.*, Ex. 23 at 1529-30).

In the State's response to Petitioner's Rule 3.850 motion, which the state post-conviction court incorporated in its final order denying Ground Four of the motion, the State argued, among other things, that Petitioner failed to show the availability of any expert witness (*Id.*, Ex. 22 at 1420). And the State argued that Petitioner's claim was speculative because he had no actual "blood splatter" evidence or testimony from an expert (*Id.*, Ex. 22 at 1421). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (*Id.*, Ex. 25 at 1536).

The denial of these claims was reasonable. Petitioner does not present an expert's report or affidavit. Thus, anything that an expert would have testified to is pure speculation. This speculation is not enough to show that counsel's failure to secure the services of an expert amounted to deficient performance. Petitioner's speculation is also not enough to show that there is a reasonable probability an expert or experts would have testified that Rollins could not perceive and recall the events or that the blood splatter evidence supports Petitioner's theory about how Petitioner was shot. Thus, Petitioner's unsupported contention that counsel should have called unnamed experts to testify, without more, does not warrant relief. *See, e.g.*, *Bray v. Quarterman*, 265 Fed. App'x 296, 298 (5th Cir. 2008) ("To prevail on [a claim of ineffective assistance of counsel for failing to call a witness], the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense."); *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) ("[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or an affidavit. A defendant cannot

simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.") (footnotes omitted); *Holt v. Sec'y, Fla. Dep't of Corr.*, 489 Fed. App'x 336, 338 (11th Cir. 2012) (holding that state court reasonably rejected *Strickland* claim because "[i]t [was] speculative that an expert witness would in fact have testified" the way petitioner wanted). "[M]ere speculation that missing witnesses would have been helpful is insufficient to meet the petitioner's burden of proof." *Streeter v. United States*, 335 F. App'x 859, 864 (11th Cir. 2009).

Petitioner has failed to demonstrate that the state courts' rejection of these claims was contrary to, or an unreasonable application of, *Strickland* or based on an unreasonable determination of the facts in light of the evidence adduced in state court. Accordingly, Grounds Five and Six warrant no relief.

**GROUND SEVEN: Trial counsel [was] ineffective for failing to aggressively cross-examine and impeach Rollins, to expose "specifically material facts" bearing heavily on the theory of defense. (Doc. 1 at 23-24)**

Petitioner contends that defense counsel was ineffective for inadequately cross-examining Rollins about the money he received from a white man in exchange for the drugs Petitioner provided to Rollins to sell. Specifically, Petitioner contends that counsel was ineffective in failing to "more aggressively" impeach Rollins after he testified during trial that he spent the money to buy more cocaine and had to get more money to pay Petitioner. He asserts Rollins never mentioned that information to law enforcement. He argues had counsel more effectively cross-examined Rollins on the issue, it would have bolstered Petitioner's theory of defense that Rollins had no drug money to give to Petitioner and instead tried to

re-pay the money he owed for the drugs by offering a handgun to Petitioner, the gun that Petitioner claims accidentally discharged as Petitioner was returning it to Rollins.

In state court, Petitioner raised this claim in Ground Two of his Rule 3.850 motion (Doc. 12-2, Ex. 20 at 1295-1301). In denying the claim, the state post-conviction court stated:

> In claim 2, Defendant argues that trial counsel was ineffective for failing to aggressively cross examine Mr. Rollins. The record refutes the Defendant's claim. Trial counsel did cross examine the victim on several different issues during trial to try to establish that the witness did not have the ability to properly recall facts. Defendant specifically mentions discrepancies as to how many money runs were conducted and whether or not Mr. Rollins had the money when he met back up with Defendant. Trial counsel did aggressively cross examine the witness and pointed out differences between trial testimony, deposition testimony, and the statement Mr. Rollins gave to Det. McDonald. Transcript at 372-378; 379-380; 384-386; 390; 401-404; 405-407. The Court finds that the Defendant has not established deficient performance or prejudice.

(*Id.*, Ex. 21 at 1352). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (*Id.*, Ex. 25 at 1536).

The state courts' denial of this claim was reasonable. Defense counsel extensively cross-examined Rollins (*Id.*, Ex. 7 at 718-61). He impeached Rollins' credibility with several prior inconsistent statements he made during his initial interview with law enforcement and his deposition (*Id.*). For example, he impeached Rollins' testimony that: 1) he was standing when he was shot with his prior statement that he was shot while sitting on a couch (*id.*, Ex. 7 at 757-58); 2) Petitioner and his girlfriend were not fighting when Petitioner went into another room and got the gun with his prior statement that they were "fighting like cats and dogs" (*id.*, Ex. 7 at 753-55); 3) he worked for Petitioner at the crack house with his prior statement that he did not work for Petitioner (*id.*, Ex. 7 at 720-22); 4) he used drugs with Petitioner at the crack house with a prior statement that he never used drugs at the crack

house (*id.*, Ex. 7 at 722-23); and 5) the money he gave to Petitioner was from the "white guy" who got it from a family member with a prior statement that the money came from an ATM at the bank (*Id.*, Ex. 7 at 731-32).

Counsel also challenged Rollins' ability to recall what happened at the time of the shooting by getting him to admit that he had been with prostitutes and "using drugs all night" before he was shot (*id.*, Ex. 7 at 758-59). And defense counsel challenged Rollins' testimony that when he returned to the crack house, he had money and gave it to Petitioner, he did not have a gun, and he did not attempt to give a gun to Petitioner as payment for the drugs (*Id.*, Ex. 7 at 407-08). Finally, during closing statements, defense counsel argued that the testimony aligned with Petitioner's version of events that Rollins did not have any money when he returned to the crack house but had a handgun, which he tried to give to Petitioner as payment for the drugs (*Id.*, Ex. 8 at 1033-37).

The record reveals defense counsel thoroughly and extensively cross-examined Rollins. The cross-examination included impeaching Rollins' testimony about how the drug money was obtained, and his testimony that after he returned to the crack house, he gave Petitioner the drug money and did not have a gun. Thus, Petitioner fails to show that defense counsel was deficient in his cross-examination of Rollins. And even assuming that defense counsel was ineffective in his cross-examination of Rollins, the claim will be denied because Petitioner has not shown a reasonable probability that the outcome of the trial would have been different if defense counsel had conducted a more thorough cross-examination.

Petitioner has failed to demonstrate that the state courts' rejection of this claim of ineffective assistance of counsel was contrary to, or an unreasonable application of, *Strickland*

or based on an unreasonable determination of the facts in light of the evidence adduced in state court. Accordingly, Ground Seven warrants no relief.

**GROUND EIGHT: Trial counsel [was] ineffective for failing to adequately object to leading and suggestive inquiry at petitioner's initial trial and failure to re-establish such an objection at petitioner's retrial. (Doc. 1 at 24-25)**

Angela Walker, a witness for the State who was present in the crack house when Petitioner shot Rollins, testified during the first trial (Doc. 12-2, Ex. 3 at 52-77). But during the second trial, Walker claimed she did not remember the events (*Id.*, Ex. 7 at 667-75). She stated that she prayed to forget the incident, and her prayer was answered (*Id.*, Ex. 7 at 671). The trial court determined that Walker would be considered unavailable to testify (*Id.*, Ex. 7 at 683). The trial court ruled that the State could use Walker's testimony from the first trial in the second trial (*Id.*).

Walker's testimony was read into the record (*Id.*, Ex. 7 at 770-92). But the testimony omitted, among other things, the objections and rulings on the objections (*See id.*, Ex. 3 at 52-77; Ex. 7 at 770-92). Petitioner contends that defense counsel was ineffective in allowing the omission of the following objection:

Q. Now, did, did (sic) you hear Tyrone make a threat to Chauncy?

A. He just said he should hit him, he should hit him right now. And then he was like, but I got your money, I got your money. And I didn't -- I mean, I didn't hear a strike or anything.

Q. You used the terminology that the defendant actually said. What did the defendant say to Chauncy?

A. Not too clear on it. I'm not too - - it's been so long. I don't know if he said hit or strike or - - I'm not sure.

Q. Did you say a few minutes ago that he should pop him right now?

A. I'm not - - I'm still not sure if that's what word he used, but.

Q. Is that how you described it though a few minutes ago? Did you say that the defendant said to Chauncy I should pop you right now?

Defense Counsel: Objection, asked and answered.

The Court: Overruled.

A. I really don't remember. It could have been pop or strike or smack or - -

Q. All right.

A. I just don't remember what term he used.

(*Id.*, Ex. 3 at 63-64). Petitioner also appears to contend that during the second trial, defense counsel was ineffective in failing to argue that the prosecutor was leading Walker during the first trial when he had asked her, "Did you say a few minutes ago that he should pop him right now?" Petitioner argues the question was "suggestive" and led Walker to answer, "I really don't remember. It could have been pop or strike or smack or - -." He argues he was prejudiced because the State interpreted "pop" to mean "shoot" and argued this was evidence showing Petitioner intended to shoot Rollins.

In state court, Petitioner raised this claim in Ground Five of his Rule 3.850 motion (*Id.*, Ex. 20 at 1319-25). The state post-conviction court construed the claim as asserting that counsel was ineffective in failing to: 1) adequately object to the trial court finding Walker was unavailable to testify; and 2) object to the redaction of the overruled objections from the

transcript of Walker's testimony during the first trial. In denying the claim, the state post-conviction court stated:

> In claim 5, Defendant argues that counsel failed to adequately object to the finding that Angela Walker was unavailable to testify. Ms. Walker testified at the first trial. The jurors were unable to render a unanimous verdict. Ms. Walker's proffered testimony prior to the second trial was that she did not remember the incident. There may have been so (sic) mention of threats made against her. Transcript at 310; 315-316; 334-337. The Court allowed the parties to read her previous testimony to the jury. Additionally, the record was redacted to exclude overruled objections. The Court does not find that counsel's objection to the reading of the prior testimony would have been sustained by the Court as it had made the determination that the witness was unavailable. Additionally, the Court does not find error with the redaction of the overruled objections as they would not have any bearing on the substance of the testimony. This issue was also raised on direct appeal and was *per curiam* affirmed.

(*Id.*, Ex. 21 at 1352). The state appellate court affirmed the denial of the Rule 3.850 motion without a written opinion (*Id.*, Ex. 25 at 1536).

First, to the extent that Petitioner contends counsel was ineffective in allowing the redaction of the overruled objection, the state post-conviction court's denial of the claim was reasonable. Petitioner fails to allege or show that there was a reasonable probability of a different outcome had the "asked and answered" objection, which the trial court overruled, not been redacted from the transcript read during the second trial. Thus, Petitioner fails to show that the state courts' rejection of this claim was contrary to, or involved an unreasonable application of, *Strickland* or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Second, to the extent that Petitioner contends counsel was ineffective in failing to argue during the second trial that the prosecutor (during the first trial) had improperly led Walker when he asked her whether she had testified that she heard Petitioner tell Rollins "I

should pop you right now," Petitioner fails to show either deficient performance or prejudice. Even if counsel had made such an argument, it is speculative whether the trial court would have redacted the prosecutor's question and Walker's response from the transcript. And even if the question and response were redacted, Petitioner fails to show that there was a reasonable probability of a different outcome.

Walker initially testified that she heard Petitioner tell Rollins that he should "hit" him (Doc. 12-2, Ex. 7 at 780). After the prosecutor asked Walker, "Did you say that [Petitioner] should pop [Rollins] right now?" Walker answered, "I really don't remember. It could have been pop or strike or smack or . . . ." (*Id.*, Ex. 7 at 781). Ultimately, Walker testified that she did not "remember what term" Petitioner used when he threatened Rollins (*Id.*). And during closing arguments, defense counsel objected (for stating facts not in evidence) to the prosecutor's statement that Petitioner said to Rollins, "You think I won't shoot you? I should shoot you or I should pop you." (*Id.*, Ex. 8 at 1011). The trial court ruled that "[t]he jury will rely on its own recollection of the evidence." (*Id.*, Ex. 8 at 1011-12). The prosecutor subsequently changed his argument by stating, "Ms. Walker saying something along the lines of strike or hit or pop . . . ." (*Id.*, Ex. 8 at 1012). Thus, the jury knew that Walker did not recall which term Petitioner used. It is speculative that the jury was left with the impression that Petitioner told Rollins that he should "pop" him. And even if they were left with that impression, it is speculative that the jury believed that Petitioner meant "shoot" when he said "pop." Walker testified, "I really don't remember. It could have been pop or strike or smack or . . . ." (*Id.*, Ex. 7 at 781). The jury, therefore, just as easily could have believed Petitioner meant "punch" or "hit" when he said "pop." *See, e.g.*, *Pop*, Merriam-Webster Online

Dictionary (2025 Merriam-Webster, Inc.), https://www.merriam-webster.com/dictionary/pop (last visited 2/14/2025) (defining "pop" as, among other things, "to strike or knock sharply: HIT" or "to fire at: SHOOT").

Petitioner fails to show either deficient performance or prejudice concerning this claim. Ground Eight, therefore, warrants no relief.

**GROUND NINE: Abuse of discretion where State's witness Angela Walker deemed unavailable and the prejudicial redacting of prior trial testimony. (Doc. 1 at 26)**

Petitioner contends that the trial court abused its discretion in admitting Walker's testimony from the first trial when she refused to testify during the second trial. He asserts the testimony prejudiced him because it was "incomplete," was "not read as originally transcribed," and "redac[ted] . . . [a] meritable claim of error . . . ." (Doc. 1 at 26).

Petitioner fails to present a federal claim. Federal habeas relief can be granted only because an inmate's custody under a state court judgment violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Accordingly, claims like Petitioner's that rest on state law issues are not cognizable in a federal habeas petition. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("It is clear from [28 U.S.C. § 2254(a)] that a habeas petition grounded on issues of state law provides no basis for habeas relief."). Thus, Petitioner's claim that the trial court abused its discretion under Florida law in admitting Walker's prior testimony warrants no relief. *See Disanto v. Sec'y, Dep't of Corr.*, 2016 WL 5373490, at *6 (M.D. Fla. Sept. 26, 2016) (finding trial court abuse of discretion claim is not cognizable on habeas review). Ground Nine is denied.[5]

---

[5] Even if the claim were construed as asserting a federal constitutional violation, Respondent correctly argues the claim is procedurally barred from review because on direct appeal, Petitioner failed to present a federal constitutional claim about the trial court admitting Walker's prior

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of the Court is directed to enter judgment against Petitioner and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He cannot make this showing. Accordingly, a COA is **DENIED**. And because Petitioner is not entitled to a COA, he may not proceed on appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida on March 7, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner, *pro se*
           Counsel of Record

---

testimony (*See* Doc. 12-2, Exs. 14-15). When Petitioner raised the claim in his Rule 3.850 motion (*id.*, Ex. 20 at 1332-35), the state post-conviction court denied the claim on the independent and adequate state procedural ground that "Trial Court errors are not cognizable in a Rule 3.850 motion." (*Id.*, Ex. 21 at 1353).